**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT L. WHITTAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-97 SRW |
| | ) | |
| JEAN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of prisoner Robert L. Whittaker for leave to commence this civil action without prepayment of the filing fee. For the reasons explained below, the Court will deny the motion, and dismiss this case without prejudice to the filing of a fully-paid complaint.

The Prison Litigation Reform Act of 1996 ("PLRA") provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of plaintiff's litigation history in this Court shows he has accumulated three "strikes" for purposes of § 1915(g).[1] Accordingly, this Court may grant plaintiff leave to proceed

---

[1] *Whittaker v. St. Louis City Justice Center,* No. 4:18-CV-1717 SNLJ (E.D.Mo); *Whittaker v. Unknown Frazier,* No. 4:19-CV-2929 SNLJ (E.D.Mo); *Whittaker v. Cook II Green,* No. 1:19-CV-211 SRC (E.D.Mo); *Whittaker v. Redington,* No. 2:20-CV-12 SNLJ (E.D.Mo).

*in forma pauperis* only if his allegations show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, plaintiff claims that in 2015 through 2017, the St. Louis City Justice Center defendants told plaintiff he had tested negative for tuberculosis (TB). However, when plaintiff was transferred to the Eastern Diagnostic and Correctional Center in April of 2017, he was found to be positive for TB and he was placed on oral treatment for TB at that time. When plaintiff began having side effects from the first prescription treatment, he was placed on a second oral medication for TB which caused no side effects. This fully treated his TB. Nonetheless, plaintiff wishes to sue defendants at the St. Louis City Justice Center for what he perceives to be deliberate indifference to his medical needs when he was infected with TB sometime in 2017.[2]

Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury at this time. He therefore may not proceed *in forma pauperis* in this action. The Court will therefore deny plaintiff's motion for leave to proceed *in forma pauperis* and will dismiss this case without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED**.

---

[2]Plaintiff also sues a Nurse and Doctor at Eastern Reception, Diagnostic and Correctional Center for providing him with the first prescription medicine to treat the TB in 2017, which he asserts caused side effects. The Court notes that this is plaintiff's third case relating to his alleged infection with TB at the St. Louis City Justice Center. *See Whittaker v. St. Louis City Justice Center*, No. 4:18-CV-1717 SNLJ (E.D.Mo) and *Whittaker v. Unknown Frazier*, No. 4:19-CV-2929 SNLJ (E.D.Mo).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED AS MOOT.**

Dated this 8th day of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE